Date signed October 08, 2008



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| JOHN WADE, | * | Case No. 06-14905-DK |
|    Debtor. | * | Chapter 13 |
| * * * * * * * | | |
| JOHN WADE, | * | |
|    Plaintiff, | * | |
| Vs. | * | Adversary No. 07-0703-DK |
| GRP LOAN, LLC, | * | |
|    Defendant. | * | |

Memorandum of Decision

    This adversary complaint was tried on May 20, 2008. At the conclusion of the evidentiary hearing, the court made a partial ruling. Counsel requested time to brief two additional issues.

1

On June 2, 2008, Plaintiff filed a Line that he would not be filing a post-trial memorandum. On June 27, 2008 Defendant filed a Line that it too would not be filing a post-trial memorandum.

On July 11, 2008, the bankruptcy case of the Plaintiff, John Wade, was dismissed for a material default in his Chapter 13 plan payments. This dismissal has become final by the passage of time. The dismissal of Plaintiff's bankruptcy case in which this adversary complaint was filed raises the question whether the dismissal renders this adversary proceeding moot. The court concludes that it does not, at least in part, because the court, with jurisdiction, tried whether certain elements of Defendant's claim asserted against Plaintiff were in fact owed by him to the Defendant under non-bankruptcy law, and the ruling on those issues will survive the bankruptcy proceedings. Judicial economy is not served by trying these issues a second time.

At the conclusion of the trial the court made the following partial rulings for the reasons then stated on the record. First, a $360 claim for "Broker Price Opinion" was disallowed under MD CL Art. Sec. 12-1027 as, in substance, a prohibited "lender's inspection fee". Second, a claim for $1,010.65 in prior bankruptcy fees was disallowed because there was no prior bankruptcy by the Debtor after the loan was made. As to both items, the amended claim filed by Defendant did not satisfy its burden of persuasion to prove its claim once the Debtor had overcome the prima facie validity of the initial claim, because merely lumping the amount of these charges as "Balance Forward (from Prior Services)" disclosed only the source of the claim and not the basis for the claim, i.e. for what valid purpose were these charges made. Denials in affidavit of improper charges were generic and did not establish the validity of the charges.

Two issues were to be briefed post-trial.  The first was whether Plaintiff properly put at issue in his complaint or otherwise in this adversary proceeding that Defendant's August, 2006 foreclosure proceeding was illegal as to the Plaintiff and caused the Plaintiff recoverable damages.  Defendant's objection is sustained.  Plaintiff did not properly raise this issue, and the court will not, and did not, rule on it.  The second issue that Plaintiff wanted to brief was whether the foreclosure proceeding was illegal under Maryland law because Defendant had not recorded the assignment to it of the deed of trust before commencing the foreclosure proceeding, even if the deed of trust assignment to Defendant had been made before foreclosure proceedings were initiated.  This issue was likewise not properly raised, and is not considered by the court.  It may have been an improper collateral attack, and in any event appears mooted in this case.

A separate order will be entered accordingly.


cc:    Andrew G. Wilson, II, Esquire
       275 West Street
       Suite 216
       Annapolis, Maryland    21401

       Kevin R. Feig, Esquire
       Bierman, Geesing & Ward, LLC
       4520 East-West Highway, Suite 200
       Bethesda, Maryland    20814

       Ellen Cosby, Trustee
       P.O. Box 20016
       Baltimore, Maryland    21284-0016